# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**SELEANA TOATLEY,**

    **Petitioner,**

v.                                                **Case No. 1:16-cv-02152**

**WARDEN, FPC Alderson,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    The petitioner's criminal conviction.

On April 1, 2011, the petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute 280 or more grams of cocaine base and 100 or more grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (*United States v.*

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian where he filed the petition. Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Warden, FPC Alderson is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

*Toatley*, No. 1:10-cr-00477, ECF Nos. 129, 130). On June 21, 2011, the petitioner was sentenced to 120 months in prison, followed by a five-year term of supervised release. (*Id.*, ECF No. 201). The petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Fourth Circuit. Thus, her Judgment became final on or about July 5, 2011.

### B. Petitioner's section 2255 motions.

The petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in her court of conviction on July 5, 2012. (*Id.*, ECF No. 284). However, on August 16, 2012, the petitioner, by counsel, filed a Motion to Withdraw the section 2255 motion, allegedly "in exchange for the Government's potential favorable consideration and concession." (*Id.*, ECF No. 294).[2] That motion was granted by United States District Judge Claude M. Hilton on October 18, 2012. (*Id.*, ECF No. 303).

The petitioner filed another section 2255 motion on September 15, 2015, seeking relief under the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). That motion did not in any way challenge or mention the Government's failure to seek a reduction in her sentence for her cooperation. The *Johnson* 2255 motion was denied by the sentencing court on January 21, 2016. (*Id.*, ECF No. 401). The petitioner has not sought any additional relief in her court of conviction based upon the Government's failure to file a motion to reduce her sentence.[3]

---

2  According to the petitioner's instant petition, she and several other co-defendants believed that the Government intended to file a motion for sentence reduction under Rule 35(b) or seek a departure under section 5K1.1 of the United States Sentencing Guidelines, following the cooperation of those defendants in the prosecution of another co-defendant, Frank Chatmon. However, Chatmon's prosecution was not concluded until his sentencing on October 30, 2015. Since that time, the Government has not filed a Rule 35 motion on the petitioner's behalf or sought any other reduction in the petitioner's sentence.
3  The petitioner has, however, filed three motions in her court of conviction seeking a modification of her

C. **Petitioner's section 2241 petition.**

The instant section 2241 petition asserts that she is entitled to a reduced sentence after she cooperated with the Government in the prosecution of her co-defendant. She asserts that this is a challenge to the execution of her sentence, which is appropriately addressed under 28 U.S.C. § 2241. As addressed below, the undersigned disagrees that this court is capable of granting the relief she seeks.

## ANALYSIS

A. **The petitioner is not entitled to relief under section 2241.**

Petitioner's claim, which essentially asserts that the Government has not fulfilled a promise to seek a reduction of sentence for her cooperation, clearly challenges the validity of her sentence, and not the manner in which that sentence is being executed. Such matters are appropriately addressed in a motion under 28 U.S.C. § 2255 or upon motion of the United States under Rule 35(b) of the Federal Rules of Criminal Procedure, both which must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Virginia. *See, e.g., Whitaker v. Dunbar*, 83 F. Supp.3d 663, 668 (E.D.N.C. 2014) (petitioner's claim for a reduction in his sentence under Rule 35 is not cognizable in a section 2241 petition); *see also Brestle v. Flournoy*, No. 2:15-cv-54, 2016 WL 1090596, *2-3 (S.D. Ga. Mar. 18, 2016) (listing other cases finding that challenges to the government's failure to file a Rule 35(b) motion are more properly brought in a section 2255 motion). Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

---

sentence under 18 U.S.C. § 3582(c) resulting from amendments to certain sections of the Sentencing Guidelines which are not relevant herein. Those motions are still pending. (*Id.*, ECF Nos. 362, 429, and 430).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective to include sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral

4

> review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

Petitioner cannot meet these criteria. She does not cite any change in substantive law since the time of her sentencing that has resulted in a fundamental defect in her sentence. Additionally, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. The petitioner did not file a direct appeal or a timely section 2255 motion in her court of conviction making the instant challenge to her sentence.[4] The procedural bars placed by her failures cannot render this claim reviewable herein under the savings clause.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of her detention and, thus, her claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

---

[4] Although the petitioner's first section 2255 motion was timely filed within one year of her Judgment becoming final, she withdrew that motion. Her second section 2255 motion filed on September 15, 2015, addressed only her *Johnson* claim. The petitioner should have sought relief on the instant basis, if at all, under section 2255 in her court of conviction when the Government failed to file a Rule 35 motion at the conclusion of Mr. Chatmon's prosecution. She failed to do so, and any such motion would now be untimely.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

December 13, 2018

                                              Dwane L. Tinsley
                                              United States Magistrate Judge